IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **ISABEL CABALLERO** § | | **PLAINTIFF** |
| § | | |
| § | | |
| **v.** § | | **Civil No. 1:19cv305-HSO-JCG** |
| § | | |
| § | | |
| **BP AMERICA PRODUCTION** § | | |
| **COMPANY and BP EXPLORATION** § | | |
| **& PRODUCTION, INC.** § | | **DEFENDANTS** |

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION [34] FOR SUMMARY JUDGMENT

BEFORE THE COURT is Defendants BP America Production Company and BP Exploration & Production, Inc.'s Motion [33] for Summary Judgment Based on Lack of Causation.  Plaintiff Isabel Caballero alleges she suffered a Later-Manifested Physical Condition caused by her exposure to substances during her work in the clean-up effort following the 2010 *Deepwater Horizon* Oil Spill.  After consideration of the record, Defendants' Motion, and relevant legal authority, the Court is of the opinion that Defendants' Motion [33] for Summary Judgment should be granted.

### I. BACKGROUND[1]

Plaintiff Isabel Caballero ("Caballero") is a member of the *Deepwater Horizon* Medical Benefits Class and is covered by the Medical Settlement Agreement ("MSA") entered in *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of*

---

[1] All facts and inferences are presented in the light most favorable to Caballero, the nonmoving party.  See *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 858 (5th Cir. 2010).

1

*Mexico, on April 20, 2010*, commonly referred to as "MDL 2179".  Compl. [1] at 4.  The MSA resolved "certain claims of individuals engaged as clean-up workers and residents of particular geographical boundaries in the Gulf of Mexico related to their exposure to oil and/or dispersants arising from the DEEPWATER HORIZON incident and subsequent response efforts."  *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico*, No. 2:10-md-2179, 2016 WL 4091416 at *4 (E.D. La. Aug. 2, 2016).  On January 11, 2013, the MSA was given final approval by the MDL 2179 court and became effective on February 12, 2014.  *See id.*

From May 2010 until September 2010, Caballero worked as a Clean-Up Worker, as defined by the MSA, in Dauphin Island, Alabama, for OSSI, following the *Deepwater Horizon* Oil Spill.  Compl. [1] at 2, 4.  She performed Response Activities as defined by the MSA, which consisted of Shoreline Cleanup.  *Id.* at 5.  Caballero alleges that during her performance of these activities she was exposed through inhalation, airborne, and direct contact to oil, dispersants, and other harmful chemicals.  *Id.*  On some occasions, Caballero's eyes, nose, mouth, and skin were exposed to oil, dispersants, and other harmful chemicals because of a lack of protective gear.  *Id.*  Caballero asserts that the various harmful effects caused by these dispersants include: eye, skin, gastrointestinal, and respiratory tract irritation; chemical pneumonia; liver and kidney effects and/or damage; central nervous system effects; nausea; vomiting; anesthetic or narcotic effects; and carcinogenic effects.  *Id.* at 3-4.

The MSA offered class members who did not opt-out of the *Deepwater*

*Horizon* Medical Benefits Class two remedies for pursuing their medical claims. *See In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, 2:10-md-02179-CJB-JCW, ECF 6427-1 at 32 (E.D. La. Oct. 5, 2018). The first was a compensation plan which provided fixed payments for Specified Physical Conditions ("SPC"). *Id.* at 35, 44. Caberello submitted a SPC claim, was approved as a class member, and received a determination for her SPC. Compl. [1] at 4.

The second remedy allowed class members to bring a lawsuit against BP America Production Company and BP Exploration & Production, Inc. ("BP Defendants") for "Later-Manifested Physical Conditions" ("LMPCs"). *In Re: Oil Spill*, 2:10-md-02179-CJB-JCW, ECF 6427-1 at 60. LMPCs are physical conditions which a class member claims are the result of spill-related exposures that were first diagnosed after April 16, 2012. *Id.* at 20-21. Lawsuits seeking recovery for LMPCs are referred to as Back-End Litigation Option ("BELO") suits. *Id.* at 12. In a BELO lawsuit, a plaintiff must prove legal causation. *Id.* at 70. Caballero's SPC is a separate injury from the LMPC claims she asserts in this BELO lawsuit. Compl. [1] at 4.

On March 20, 2013, Caballero was diagnosed with chronic sinusitis. *Id.* at 5. She received a valid Notice of Intent to Sue Letter, as required by the MSA, on March 6, 2018. *Id.* On April 13, 2018, she received BP Defendants' Notice of Election Not to Mediate. *Id.* Caballero timely filed her BELO Complaint on October 12, 2018, within the 6-month time period of receiving BP Defendants' Notice required by the MSA. *Id.* The case was then transferred to this Court from

3

the Eastern District of Louisiana on May 31, 2019.  Order [11].

BP Defendants filed a Motion [33] for Summary Judgment on April 6, 2020.  Mot. for Summ. J. [33].  Caballero failed to respond within the time required.  The Court entered a Show Cause Order on May 5, 2020, directing Caballero to respond, "on or before May 12, 2020, or the Court will consider Defendants' Motion [33] for Summary Judgment on the merits without considering a response from Plaintiff."  Show Cause Order, May 5, 2020.  Caballero's attorney filed a Response on May 13, 2020, explaining that because of irreconcilable differences between the attorney and Caballero arising from a fundamental disagreement as to how to proceed, Caballero has ceased communications with her attorney.  Pl. Resp. [39] at 1-2.  Thus, while "Plaintiff does not have any legal or factual ground to oppose the Motion for Summary Judgement . . . based upon the fact that the client has not communicated with counsel . . . Counsel does not feel, ethically, he should even speak for the client."  Pl. Resp. [39] at 2.  The Court will consider BP Defendants' Motion [33] for Summary Judgment on the merits.

## II. DISCUSSION

A.  Summary judgment standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  If the movant carries this burden, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th

Cir. 1994) (en banc).

To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that there exists a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). "A genuine dispute of material fact means that evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013) (quotation omitted). If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Cutting Underwater Techs. USA, Inc. v. ENI U.S. Operating Co.*, 671 F.3d 512, 516 (5th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). In deciding whether summary judgment is appropriate, the Court views facts and inferences in the light most favorable to the nonmoving party. *RSR Corp.*, 612 F.3d at 858.

B.  Proof of causation

BP Defendants contend that Caballero has failed to establish causation in this matter. Mot. for Summ. J. [33] at 1. Specifically, they maintain that Caballero has not produced expert testimony as is required in a toxic tort suit under general maritime law and the MSA. Mem. in Supp. [34] at 7. Caballero has not submitted any evidence of causation, other than the claims she makes within her Complaint.

In a toxic exposure tort case such as this, the Fifth Circuit has elucidated the following standard regarding causation evidence:

> General causation is whether a substance is capable of causing a particular injury or condition in the general population, while specific

> causation is whether a substance caused a particular individual's injury. Evidence concerning specific causation in toxic tort cases is admissible only as a follow-up to admissible general-causation evidence. Thus, there is a two-step process in examining the admissibility of causation evidence in toxic tort cases. First, the district court must determine whether there is general causation. Second, if it concludes that there is admissible general-causation evidence, the district court must determine whether there is admissible specific-causation evidence.

*Knight v. Kirby Inland Marine, Inc.*, 482 F.3d 347, 351 (5th Cir. 2007) (internal citations omitted). For a plaintiff to establish legal cause, "[s]cientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities, are minimal facts necessary to sustain a plaintiff's burden in a toxic tort case." *Seaman v. Seacor Marine, LLC*, 326 F. App'x 721, 723 (5th Cir. 2009) (citing *Allen v. Pa. Eng'g Corp.*, 102 F.3d 194, 199 (5th Cir. 1996)); *see Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661, 670 (5th Cir. 1999) (also citing *Allen v. Pa. Eng'g Corp.*, 102 F.3d 194, 199 (5th Cir. 1996)). The Fifth Circuit requires that there be proof through medical testimony. *Seaman*, 326 F. App'x at 723; *Harriel v. BP Expl. & Prod. Inc.*, No. 2:17-CV-197-KS-MTP, 2019 WL 2574118 at *3 (S.D. Miss. May 15, 2019). For any testimony based on information derived outside the course of treatment, a Rule 26(a)(2)(B) expert report is required. *Harriel*, 2019 WL 2574118 at *4.

Caballero has not designated any expert, provided any admissible expert causation opinions, or shown proof of causation through medical testimony. Mem. in Supp. [34] at 7. Without any expert testimony, Caballero cannot carry her burden of proof on causation by providing scientific evidence of the harmful level of exposure to the chemicals, an essential element of her claim. *See Harriel*, 2019 WL

6

2574118, at *4.  Further, she has not provided any evidence of her level of exposure.  Caballero alleges that exposure to the oil, dispersants, and other harmful chemicals caused her chronic sinusitis.  Compl. [1] at 5.  However, she does not identify the levels of chemicals at which this condition occurs, which chemicals cause this condition, or the amount of oil, dispersants, or other harmful chemicals to which she was exposed.  Caballero has also not identified proof through medical testimony that these chemicals caused her injuries.  As such, she has failed to raise a genuine issue of material fact on whether her work on the Oil Spill caused her chronic sinusitis.  Because Caballero cannot meet her burden of proof on an essential element of her claim, summary judgment should be granted in favor of BP Defendants.

### III. CONCLUSION

As Caballero has not shown the existence of a question of material fact for resolution at trial regarding causation, summary judgment should be granted.  To the extent the Court has not specifically addressed any of the parties' arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendants BP America Production Company and BP Exploration & Production, Inc.'s Motion [33] for Summary Judgment is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Isabel Caballero's claims in this BELO lawsuit are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 14th day of May, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE